IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSA MONTES RAMOS, INDIVIDUALLY | § | |
| AND AS THE ADMINISTRATRIX OF THE | § | |
| ESTATE OF JOSE ERNESTO RAMOS, ROSA | § | |
| CRISTINA RAMOS, JOE EDWARD RAMOS, | § | |
| JOHN AARON RAMOS, RICARDO JIMMY | § | |
| RAMOS AND VICENTE CHARLES, II | § | |
| Plaintiffs, | § | CIVIL NO.  B-08-122 |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| OMAR LUCIO, CAMERON COUNTY SHERIFF | § | |
| ROBERT OYERVIDEZ, JUAN CORTEZ, III, | § | |
| FNUK GARCIA, LT. RAUL RODRIGUEZ, | § | |
| CAMERON COUNTY DEPUTIES, OFFICE OF | § | |
| CONSTABLE PRECINCT 6, CAMERON | § | |
| COUNTY, TEXAS, CONSTABLE MERCED | § | |
| BURNIAS, PRECINCT 6, IN HIS OFFICIAL | § | |
| CAPACITY | § | |
| Defendants. | § | |

## CAMERON COUNTY'S OPPOSED MOTION TO DISMISS STATE LAW CLAIMS UNDER FRCP 12(b)(1) and (6)

To the Honorable Judge of said Court:

Defendant Cameron County moves the Court to dismiss the Texas state causes of action against the County under Rule 12(b)(1) and (6), FRCP, and would respectfully show the Court as follows:

## I. ISSUES PRESENTED

1.     Have Plaintiffs irrevocably elected to pursue state remedies, if any, against County under V.T.C.A., C.P.& R., Code, § 101.106(a) & (e)?  Yes they have.  *See Villasan v. O'Rouke*, 166 S.W.3d 752, 758 (Tex.App. – Beaumont 2005, pet. denied); *see also, Vernon v. Gomez*,

(unpublished) 198 Fed.Appx. 372 WL 2460764 (5th Cir. 2006); and *Ibarra v. Harris County Texas*, (unpublished) 243 Fed.Appx. 830, 2007 WL 1879176 (5th Cir. 2007).

2.      Has the County's governmental immunity been waived by the Texas Torts Claims Act (V.T.C.A., C.P.& R. Code, Secs. 101.001 *et. seq*.) for the state causes of action alleged in Plaintiff's Complaint?  County's governmental immunity for state causes of action alleged has not been waived.  *See Gillum v. City of Kerrville,,* 3 F3d 117 (5th Cir. 1993) *cert. den.,* 510 U.S. 1072, 114 S.Ct. 881, 127 L.Ed.2d 76 (1994); V.T.C.A., C.P.& R. Code, § 101.057(2).

3.      Are punitive damages recoverable from County for any cause of action alleged in Plaintiff's Complaint?  No.  For state causes of action see V.T.C.A., C.P.&R. Code, § 101.024; federal causes of action see *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

4.      It is not clear that state constitutional violations are alleged.  If so, is there an implied state cause of action for damages for violations of the Texas Constitution?  No.  *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Texas 1995).

5.      Can the Plaintiffs allege intentional conduct against the County, who is entitled to governmental immunity, and then seek to avoid that immunity by alleging that the intentional acts are negligence or gross negligence in order to bring the case within the Tort Claims Act waiver of immunity? No. *See Texas Dept. of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex., 2001); *Huong v. City of Port Arthur*, 961 F.Supp. 1003, 1008 (E.D.Tex.,1997); *City of Laredo v. Nuno* 94 S.W.3d 786, 789 (Tex.App.-San Antonio,2002).

6.      Without notice under the Tort Claims Act, should the court dismiss the state tort claims for want of subject matter jurisdiction? Yes. *See University of Texas Southwestern Medical*

*Center at Dallas   v. Arancibia*, 244 S.W.3d 455, 459 (Tex.App. – Dallas 2008, pet. den. (4/17/09); V.T.C.A., Government Code, § 311.034.

## II.  NATURE AND STAGE OF PROCEEDING

7.      Jury selection is set for June 1, 2009. Plaintiffs allege that Plaintiffs' decedent died as result of the Defendants' unconstitutional use of force and deliberately indifferent County policies pertaining thereto on January 27, 2006. Plaintiff's alleged constitutional violations of civil rights, which claims have been dismissed, and bring "state statutory and tort claims against the Defendants for wrongful death, loss of consortium, negligence, gross negligence, negligence supervision, assault and battery, and intentional infliction of emotional distress." See Dkt. No.1, page 1, Paragraph I.C.

8.      Leave was granted to file this motion on April 10, 2009. Dkt. No. 66.

## III. STANDARD OF REVIEW

9.      Under Rule 12(b)(6), F.R.C.P., the Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that plaintiff cannot prove any set of facts that would entitle it to relief.  *Hishon v King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Under Rule 12(b)(1), the Court has authority to dismiss a suit for failure of subject matter jurisdiction.  In ruling on 12(b)(1) and (6) motions the same standard applies.  The question is whether the Plaintiff can prove any set of facts in support of the claim that entitles the Plaintiff to relief.  *Wagstaff v. Department of Education,* 509 F.3d 661, 663 (5th Cir. 2007).

## IV. SUMMARY OF ARGUMENT

**Election under V.T.C.A., C.P.& R., Code  Sec. 101.106(a) & (e):**

10.     Plaintiffs have filed state causes of action against County and the Individual Defendants under the assumed authority of the Texas Torts Claims Act without mentioning the Act specifically. *Mission Consolidated Independent School District v. Garcia,* 253 S.W.3d 653, 659 (Tex. 2008).

11.     "Section 101.106, as amended, assumes that when the government agency is sued alone, or is sued together with the government's employees, the theory of recovery will fall within the provisions of the TTCA making the government employees unnecessary parties to the suit." *Villasan v. O'Rouke*, *supra,* at  761.

12.     Filing suit against the County under the Texas Tort Claims Act constitutes an irrevocable election by the Plaintiff and immediately and forever bars any suit or recovery by Plaintiff against any individual employee of the governmental unit regarding the same subject matter under the Texas Tort Claims Act.  *See* V.T.C.A., CP& R Code, §101.106(a).   Sub-Section 101.106(e), which is specific to a suit filed against both the county and its employees, requires immediate dismissal of the state tort claims against Rodriguez, Cortez, Oyervidez, Garcia and Perez upon the filing of a motion by County.   *See Villasan v. O'Rouke*, *supra,* at 758; *see also: Vernon v. Gomez, supra*, (district court dismissed all pendent state law claims against individual defendants under Sec. 101.106(a), affirmed); *Ibarra v. Harris County Texas, supra*, (because both the county and its employees were sued, 101.106(e) controlled, but Harris County did not file a motion to dismiss therefore employees had no automatic right to dismissal); and *Mission Consol. Indep. School District v. Garcia*, *supra,* 253 S.W.3d at 657.

**State law claims –governmental immunity:**

13.     There is no waiver of governmental immunity under the Texas Tort Claims Act for intentional torts.  V.T.C.A., C.P.&R Code, § 101.057(2).  In *Gillum v. City of Kerrville, supra*, at

123, the Fifth Circuit sustained the district court's dismissal of a police officer's suit for defamation and intentional infliction of emotional distress, among other things stating:

> "The district court correctly observed that Section 101.057 of the Texas Civil Practices and Remedies Code provides that any limited waiver of governmental immunity does not apply where the claim arises out of an intentional tort.  [Citation omitted.]  This provision shields municipalities from suits arising out of intentional torts committed by governmental employees, [citation omitted] and should be liberally construed to accomplish this objective.  [Citation omitted.]"

There is no waiver of Cameron County's governmental immunity.

**Punitive damages:**

14.    Plaintiff cannot recover punitive or exemplary damages from County under the causes of action alleged in his Petition.  State causes of action see, V.T.C.A., C.P.&R. Code, § 101.024; federal causes of action see, *City of Newport v. Fact Concerts, Inc., supra.*

**Texas constitutional tort:**

15.    There is no self-effectuating state law civil rights claim for damages under the Texas Constitution.  *See City of Beaumont v. Bouillion, supra*, at 146-48 (Texas 1995).  The Texas Supreme Court has consistently found that "Texas common law has not provided a cause of action for damages for violation of constitutional rights.".  *Id.,* at 150; *City of Alamo v. Montes,* 904 S.W.2d 727, 731, (Tex.App. – Corpus Christi 1995); *University of Texas at Arlington v. Courtney,* 946 S.W.2d 464, 469 (Tex.App. – Fort Worth; and *Turner V. TDMHMR,* 920 S.W.2d 415, 419 (Tex.App. – Austin)(No cause of action for damages based on violation of Texas Constitution, Art. I, Sec. 19, for wrongful detention.)

16.    Plaintiff has no cause of action based on the Texas Constitution if any was intended to be alleged.

17.    As to the torts of assault, intentional infliction and negligence, Cameron County is a governmental unit entitled to governmental immunity. The Texas Tort Claims Act provides a

limited waiver of governmental immunity in three general areas: (1) the use of publicly-owned, motor driven vehicles or equipment, (2) the condition or use of tangible, personal property or real property; and (3) premises defects. *See* V.T.C.A., C.P.& R. Code, §§ 101.021, 101.022; *see also Aguilar v. Chastain*, 923 S.W.2d 740, 744 (Tex. App.--Tyler 1996, no writ). The waiver of immunity does not extend to claims arising out of intentional torts. *See Medrano v. City Pearsall*, 989 S.W.2d 141, 144 (Tex. App.-San Antonio, 1999 ) (*citing* V.T.C.A., C.P.& R. Code, § 101.057 (Vernon 1997)) (this chapter does not apply to a claim . . . arising out of assault, battery false imprisonment, or any other intentional tort . . . .)

18.     Here, the Plaintiffs allege that the actions of the individual defendants in arresting and restraining caused the death of Ramos. Because Plaintiffs allege that the injuries were the result of intentional acts by Cameron County employees, the Plaintiffs failed to state claim that has an arguable basis in law and the court should dismiss those claims. See Tex. Civ. Prac. & Rem. Code Ann. § 101.057. The use of excessive force to arrest Plaintiff is intentional tortious conduct for which the County's governmental immunity is not waived.  Under the specific facts alleged Plaintiff could not amend to allege a cause of action based on negligence.  *See City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex.App. – San Antonio 1990, writ den'd) (plaintiff's claim that officer wrongfully arrested him and negligently applied handcuffs so tightly that they caused discomfort and swelling to wrist arose out of intentional tort – no waiver of governmental immunity); *City of Laredo v. Nuno*, 94 S.W.3d 786, 789 (Tex.App. – San Antonio 2002, no pet.) (officer's failure to properly apply the handcuffs, and failure to properly place the arrestee in the police vehicle are based on officer's intentional tortuous act of using excessive force to arrest.)

 **No notice:**

19.     Defendant Cameron County, "County", asks the Court to dismiss Plaintiffs' state tort law claims against the County for lack of subject matter jurisdiction under Rule 12(b)(1).

20.     Plaintiff has not alleged notice as required by the Texas Tort Claims Act under V.T.C.A., C.P.&R. Code, § 101.101 as none was given.

21.     Under V.T.C.A., Gov't Code, § 311.034 "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." While not applied retroactively, § 311.034 as amended effective September 1, 2005, deprives trial court of subject matter jurisdiction for suits filed after September 1, 2005, unless the plaintiff pleads and proves notice." *See University of Texas Southwestern Medical Center at Dallas  v. Arancibia*, 244 S.W.3d 455, 459 (Tex.App. – Dallas 2008, pet. filed).  In this case, the suit was filed January 22, 2008.  Therefore, this Court lacks subject matter jurisdiction.

22.     Cameron County was entitled to receive notice of a claim against it under the Texas Tort Claims Act not later than six months after the day that the incident giving rise to the claim occurred.  V.T.C.A., C.P.&R. Code, § 101.101(a).  Under the facts alleged the incident took place on January 27, 2006.

23.     Plaintiff does not and cannot allege notice under § 101.101(c) as County had no notice of its alleged fault in producing the alleged injury until County was served this suit, approximately two years after the alleged incident.  *See Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995)(Holds that actual notice to a governmental unit requires knowledge of (1) a death, injury, or property damage; (2)the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved.)

## V.  CONCLUSION

FOR THESE REASONS, County asks the Court to dismiss the "state statutory and tort claims against the Defendants for wrongful death, loss of consortium, negligence, gross negligence, negligent supervision, assault and battery, and intentional infliction of emotional distress," all the Texas Constitution claims, if any are intended, and to dismiss all claims for punitive damages against Cameron County.    There is no waiver of governmental immunity, without which relief cannot be granted, and no notice, without which the Court is without subject matter jurisdiction.

### PRAYER

Defendants pray for relief in accordance with the above and for such other relief as Defendants may show themselves entitled to receive.

Respectfully submitted,

COMMISSIONERS' COURT-
CIVIL LEGAL DIVISION
1100 East Monroe Street
Brownsville, Texas  78520
Telephone:  (956) 550-1345
Facsimile:   (956) 550-1348


/s/ Bruce W. Hodge
Bruce W. Hodge
Of Counsel
Texas State Bar #09751700
Southern District No. 4003

Richard O. Burst
Attorney in Charge
Texas State Bar #00785586
Southern District No. 15515
And
Dylbia L. Jefferies – Vega
Of Counsel

Texas State Bar #00786516
Southern District No. 17065

## CERTIFICATE OF CONFERENCE

The undersigned has conferred with Frank Rodriguez, Plaintiff's Attorney, on April 17, 2009, and he has stated that he is opposed to this motion. The undersigned has also conferred with Mr. Albert Lopez, counsel for Sgt. Perez, Individually, and he is unopposed.

/s/ Bruce W. Hodge
Bruce W. Hodge

## CERTIFICATE OF SERVICE

I, Bruce W. Hodge, do hereby certify that service of a true and correct copy of the foregoing document will be electronically served, upon Hon. Francisco J. Rodriguez, Rodriguez, Tovar & Lopez, LLP, Attorney for the Plaintiff, and Hon. Albert Lopez, Attorney for Co-Defendant Perez, known filing users, via the Court's Automatic Filing System this 17th day of April, 2009:

/s/ Bruce W. Hodge
Bruce W. Hodge